IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESAU MOORE, III )<br>　　　Petitioner ) | |
| ) | |
| vs. ) | C.A. No. 06-307 Erie |
| ) | District Judge Cohill |
| UNITED STATES OF AMERICA ) | Magistrate Judge Baxter |
| 　　　Respondent ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.　RECOMMENDATION**

　　　It is respectfully recommended that the instant petition for writ of habeas corpus be transferred to the United States District Court for the Middle District of Pennsylvania.

**II.　REPORT**

　　　This is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, filed by a federal prisoner incarcerated at the Federal Prison Camp in Lewisburg, Pennsylvania, in the Middle District of Pennsylvania.  The instant petition was filed on December 26, 2006.  This matter was assigned to United States District Judge Maurice Cohill and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

　　　Title 28 U.S.C. § 1404(a) provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  As a § 2241 petition is a civil action, § 1404 applies to habeas corpus petitions.  In Re Nwanze, 242 F.3d 521, 525 (3d Cir. 2001).

　　　Title 28 U.S.C. § 2241(d) provides that an application for a writ of habeas corpus

> may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the state court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. §2241(d). See also, Bell v. Watkins, 692 F.2d 999 (5th Cir. 1982) (the district court transferred the action on the basis of the magistrate's recommendation which indicated that the district where the defendant was convicted was the more convenient forum because of the accessibility of evidence) and United States v. Sprague, 34 F.3d 1075 (9th Cir. 1995) ("...the writ can only issue from the court having jurisdiction over the prisoner or the custodian...").

Because Petitioner is not incarcerated within this district, the petition should be transferred to the district court in which Petitioner is incarcerated.

**III.   CONCLUSION**

It is respectfully recommended that the instant petition for writ of habeas corpus be transferred to the United States District Court for the Middle District of Pennsylvania.

In accordance with the Magistrate Act, 28 U.S.C. § 636 (b)(1) (B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: January 4, 2007